IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| KADIRALI CHUNARA,<br><br>    Plaintiff,<br><br>v.<br><br>SOL GLOBAL INVESTMENTS CORP., ANDREW DEFRANCESCO, and PETER LIABOTIS,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. _____<br><br>Jury Trial Demanded |

# COMPLAINT

COMES NOW, Plaintiff Kadirali Chunara and asserts his claims against the Defendants, respectfully stating the following:

## SYNOPSIS OF THE CASE

Plaintiff Chunara brings this civil action against the Defendants, asserting causes of action for: (i) breach of contract; (ii) fraudulent inducement; (iii) conversion; (iv) *quantum meruit*; (v) unjust enrichment; and (vi) exemplary damages. Plaintiff also intends to seek attorneys' fees pursuant to Fla. Stat. § 57.105, if and when appropriate. These claims arise from Defendants' intentional failure and refusal to compensate Mr. Chunara as agreed-upon for the sale and transfer of more than $200,000.00 worth of equity shares arising from a prior agreement between Mr. Chunara and Defendants. Mr. Chunara demands principal damages of not less than $216,000.00, together with attorneys' fees and expenses, prejudgment interest, and exemplary damages.

02364654-1

PARTIES, JURISDICTION AND VENUE

1.

At all times relevant herein, Kadirali Chunara ("Mr. Chunara") has resided in Gwinnett County, Georgia.

2.

Defendant SOL Global Investments Corp. ("SOL") is a corporation that was organized on January 28, 2005, exists pursuant to the Ontario Business Corporations Act (OBCA), and is domiciled in the Province of Ontario. It maintains its Registered Office at 100 King Street West, Suite 5600, Toronto, Ontario, M5X 1C9, Canada, where the Complaint and summons herein may be served upon any of its officers, directors, or agents. SOL conducts business operations and generates and manages investments through its office in the United States, specifically the office situated at 1680 Michigan Avenue, Suite 817, Miami Beach, Miami-Dade County, Florida, said office lying within this federal judicial district and division. True and correct excerpts of https://solglobal.com are attached hereto as expressly incorporated herein as **Exhibit A**. SOL has injured and damaged Mr. Chunara, as herein alleged. The Complaint and summons herein may be perfected upon SOL pursuant to the Federal Rules of Civil Procedure, Rule 4(f)(1) via any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

3.

Defendant Andrew DeFrancesco ("DeFrancesco") is an individual residing in Miami Beach, Florida, who may be served with the Complaint and summons herein at 2300 East Las Olas Boulevard, 5th Floor, Fort Lauderdale, Florida 33301-1598 pursuant to modes of service

prescribed in Federal Rules of Civil Procedure, Rule 4(e) for service on individuals residing within a federal judicial district. At all times relevant herein, DeFrancesco served as SOL's Chairman of the Board of Directors and Chief Executive Officer (CEO). Along with his co-Defendants, DeFrancesco has injured and damaged Mr. Chunara, as alleged herein.

4.

Defendant Peter Liabotis ("Liabotis") is an individual residing in the Province of Ontario, Canada at 2261 Rockingham Drive, Oakville, Ontario, L6H 7J4, Canada, where he may be served with the Complaint and summons herein. At all times relevant herein, Liabotis served as SOL's Chief Financial Officer. Along with his co-Defendants, Liabotis has injured and damaged Mr. Chunara, as herein alleged. The Complaint and summons herein may be perfected upon Liabotis pursuant to the Federal Rules of Civil Procedure, Rule 4(f)(1) via any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents and/or under Federal Rules of Civil Procedure, Rule 4(f)(2)(A) or Rule 4(f)(2)(C)(i).

5.

Pursuant to 28 U.S.C. §1332, this Court has jurisdiction because complete diversity of citizenship exists between Mr. Chunara and Defendants and the principal amount in controversy herein exceeds $75,000.00 exclusive of interest and costs.

6.

Venue in this federal district and division is proper pursuant to 28 U.S.C. § 1391(c) because the Defendants have sufficient minimum contacts with the State of Florida by having *inter alia*: (i) availed themselves of business marketing and solicitation in, business-related communications from, and revenue derived from investment and financial management activities purposely

conducted in and through the State of Florida; (ii) procured and maintained physical office space in Florida; (iii) communicated with Mr. Chunara and/or other potential investors regarding investments in SOL by way of its employees and office in Florida; (iv) utilized business entities based and/or operating in Florida to effectuate SOL's stock sale arrangement with Mr. Chunara; and (v) engaged in tortious conduct that has damaged Mr. Chunara within this federal district and division. The Court has personal jurisdiction over the Defendants pursuant to the Florida long-arm statute, Fla. Stat. § 48.193. Assertion of personal jurisdiction over these Defendants by reason of its minimum contacts with this forum does not violate the Due Process Clause of the Fourteenth Amendment nor offend traditional notions of fair play and substantial justice.

## FACTUAL BACKGROUND

7.

Mr. Chunara is President of Chunara Group of Companies ("CGC"), a family-owned company based in Atlanta, Georgia. CGC that primarily invests and manages an equity portfolio spread across three branches of its business: (i) restaurants; (ii) real estate; and (iii) private equity.

8.

SOL is a private equity firm that targets companies in high-growth, trending industries. Among other ownership interests, SOL has substantial holdings in the United States cannabis industry, eSports, electric mobility, health and wellness, and other related sectors. Beginning in or prior to 2018, DeFrancesco acted as SOL's Chairman & Chief Executive Officer (CEO). At all times relevant to this Complaint, DeFrancesco primarily was based and/or resided in Miami Beach, Florida and regularly conducted business therefrom, including through SOL's Miami Beach office.

9.

In or about January 2020, Mr. Chunara and DeFrancesco became acquainted through mutual business associates Drew Ciccarelli ("Ciccarelli") and Alex Deitch ("Deitch").

10.

Shortly thereafter, in or about February 2020, Mr. Chunara learned of an investment opportunity from SOL whereby Mr. Chunara could acquire equity shares of Heavenly RX Ltd. ("Heavenly") – a subsidiary of SOL – directly from SOL's holdings. Heavenly managed a portfolio of brands in or related to the cannabidiol (CBD) industry, including among other things health, beauty, and food and beverage products.

11.

After negotiating the terms of the Heavenly share purchase with SOL, Mr. Chunara entered into a Share Purchase Agreement with SOL and Heavenly dated February 18, 2020 ("SPA"). A true and correct copy of the SPA is attached hereto and expressly incorporated herein as **Exhibit B**. The SPA provided that Mr. Chunara would purchase 1,666,667 common shares of Heavenly in exchange for Mr. Chunara's payment to SOL of the purchase price of $200,000.00. Ciccarelli and Deitch also entered into similar agreements with SOL to purchase Heavenly shares.

12.

On or about February 19, 2020, DeFrancesco expressed via email his appreciation for the collective efforts to get the SPA finalized. On or about February 21, 2020, Liabotis, SOL's Chief Financial Officer (CFO) at the time, confirmed via email to Mr. Chunara that SOL received Mr. Chunara's payment of $200,000.00 for the Heavenly shares pursuant to the SPA.

13.

Subsequently, in or about November 2020, Heavenly sold its ownership stake is one of its portfolio companies, PureKana, LLC, to PureK Holdings Corp. ("PureK") as part of a business combination arrangement. In exchange for Heavenly's sale of its stake in PureKana, LLC to PureK, it received the equivalent of 4,000,000 shares of common stock of Simply Better Brands Corp. ("SBBC"). On or about May 3, 2021, PureK changed its name to Simply Better Brands Corp. (SBBC) and contemporaneously began trading PureK shares under the new symbol $SBBC.

14.

As a result of this business combination, Mr. Chunara received 7,595 shares of SBBC common stock as a shareholder distribution.

15.

After receiving the SBBC shares, on or about January 15, 2021, Mr. Chunara reached an agreement with SOL pursuant to terms offered by DeFrancesco, who was based in or around Miami Beach, Florida near SOL's Miami Beach office. That agreement provided that Mr. Chunara would sell his SBBC shares to SOL in exchange for the initial purchase price ($200,000) plus an additional eight percent (8%) return ("Sale Agreement"), totaling $216,000.00 ("Sale Price"). To this end, Mr. Chunara was in frequent contact via phone, text, and/or email with individuals at SOL and acting on SOL's behalf to discuss details of the Sale Agreement and effectuate transfer of Mr. Chunara's SBBC shares. Those dealings included without limitation communications involving DeFrancesco and/or Liabotis, as well as Brad Morris ("Morris"), a Director at SOL's subsidiary, Heavenly.

16.

Specifically, among other things, DeFrancesco stated in writing that SOL "will buy [investors] back out of Heavenly @ cost . . . +8%." In addition, DeFrancesco (along with Liabotis, Morris, and others) was a participant in email threads discussing the SPA and Mr. Chunara's subsequent transfer of the SBBC shares in accordance with the Sale Agreement in exchange for the Sale Price.

17.

To effectuate the transfer of his SBBC shares to SOL in exchange for the Sale Price, Mr. Chunara worked with SOL's Transfer Agent, Odyssey Trust Company ("Odyssey"), beginning in or about July 2021. In connection with the transfer to SOL, Mr. Chunara was advised by SOL (via its agent Odyssey) to obtain – and did obtain and provide – a legal opinion letter from attorney William Eilers of Smith Eilers, PLLC, a member of the Florida Bar whose firm has an office located at 1200 N. Federal Highway, Suite 200, Boca Raton, Florida 33432. The opinion letter concerned whether the SBBC shares were eligible for the exemption of registration under Rule 144 of the Securities and Exchange Act of 1933, and concluded that the shares were so eligible. Mr. Eilers and/or Smith Eilers, PLLC also authored opinion letters for other investors similarly situated to Mr. Chunara who sought to sell SBBC shares back to SOL, including without limitation Deitch.

18.

The transfer of Mr. Chunara's SBBC shares to SOL was effective on or about January 21, 2022, thereby fulfilling his obligations under the Sale Agreement. True and correct copies of Direct Registration Transaction Confirmations and the Transaction Fee Invoice from Odyssey are attached hereto respectively and expressly incorporated herein as **Exhibit C** and **Exhibit D**.

19.

As a result of the successful transfer, SOL received Mr. Chunara's 7,595 SBBC shares via Odyssey in late January, 2022. To date – nearly six months after the transfer was completed and a year since Mr. Chunara began the process of negotiating and selling his shares to SOL in exchange for the Sale Price – SOL has paid nothing to Mr. Chunara, yet still retains the SBBC shares.

20.

Since the transfer date, Mr. Chunara and individuals on his behalf have made repeated efforts to contact Defendants and obtain the Sale Price that Defendants undeniably owe to Mr. Chunara for the SBBC shares. Despite these efforts, Defendants have continually refused to respond to any of Mr. Chunara's communications regarding the SBBC shares and/or payment of the Sale Price.

21.

During the time period that SOL has retained Mr. Chunara's SBBC shares but refused to pay the Sale Price or respond to any of Mr. Chunara's communications, SOL has repaid investors other than Mr. Chunara for transfers of their own SBBC shares to SOL under identical terms offered by DeFrancesco and memorialized in the Sale Agreement (i.e., purchase price plus 8% return), including Ciccarelli and Deitch. Defendants have refused to explain why they honored the terms it offered (as set forth in the Sale Agreement) to other similarly situated investors, but has outright purposely ignored satisfying its obligations to Mr. Chunara.

22.

SOL entered into the Sale Agreement to purchase Mr. Chunara's SBBC shares, and then refused to pay the Sale Price – or even respond to Mr. Chunara – after it received the shares. As

of the filing of this Complaint, Defendants continue to unlawfully withhold and refuse payment of the Sale Price to which Mr. Chunara is entitled.

<u>COUNT I</u>
(Breach of Express or Implied Contract Against SOL)

23.

Mr. Chunara incorporates Paragraphs 1 through 22 hereinabove as if the same were fully alleged hereafter.

24.

On or about January 15, 2021, SOL and Mr. Chunara agreed and entered into the Sale Agreement, which agreement was a valid, enforceable, and binding express contract based upon Mr. Chunara, DeFrancesco, and SOL's written words and terms. In the alternative, the Sale Agreement was a valid, enforceable, and binding implied-in-fact contract based upon the conduct of, *inter alia*, Mr. Chunara, DeFrancesco, Liabotis, and SOL.

25.

Mr. Chunara has complied with his obligations under the Sale Agreement by transferring the SBBC shares to SOL. Mr. Chunara has fully performed his obligations and delivered his consideration to SOL's material benefit and remuneration, which performance SOL has accepted, and to his material detriment through the unpaid Sale Price.

26.

SOL has materially and continuously breached the Sale Agreement. Said breach has not been excused or waived.

9

27.

Said breach of the Sale Agreement has denied Mr. Chunara the consideration and compensation to which he is entitled and for the benefit of his bargain, having fully performed his obligation to date.

28.

As a result of SOL's breach, SOL owes Mr. Chunara the unpaid amounts for the sale and transfer of Mr. Chunara's SBBC shares, such amounts as shall be hereafter determined and proven but in no event less than $216,000.00 together with interest accruing thereon at the legal rate. These damages flow directly from and are the natural and foreseeable consequences of SOL's breach.

## COUNT II
(Fraudulent Inducement Against All Defendants)

29.

Mr. Chunara incorporates Paragraphs 1 through 22 hereinabove as if the same were fully alleged hereafter.

30.

DeFrancesco and Liabotis, among other SOL executives, each participates in SOL's operations and decision-making. Each guides and controls SOL's business dealings. At all times herein, said persons acted in the course and scope of their official duties on SOL's behalf in dealing with Mr. Chunara.

31.

Since early 2020, DeFrancesco, Liabotis, and other SOL executives and employees have been materially involved in procuring investments into SOL and/or its holdings, including without limitation the Heavenly shares (and later SBBC shares) that SOL owns and seeks to acquire.

32.

SOL, acting through the intentional misconduct of DeFrancesco, Liabotis, and other employees or executives, falsely represented to Mr. Chunara that it would pay him the Sale Price concurrent upon his transfer of his SBBC shares to SOL.  At all times relevant herein, SOL and the aforementioned persons acting on its behalf knew SOL was not planning to pay Mr. Chunara at all for the SBBC shares he would be tendering to SOL.  Rather, SOL and its management made the aforementioned material false statements and acted deceptively with sole the intent to induce Mr. Chunara to enter unwittingly into the Sale Agreement and transfer his shares to SOL without SOL remitting the purchase price to him.

33.

During its dealings with Mr. Chunara and in entering into the Sale Agreement, SOL and its employees or executives always had the present intent to: (i) not to perform that agreement and its promises to Mr. Chunara and (ii) retain the shares transferred by Mr. Chunara without ever compensating him for same.

34.

Through said unlawful intent, conduct and scheme, Defendants fraudulently induced Mr. Chunara to enter into the Sale Agreement thus resulting in him transferring his SBBC shares to SOL and awaiting compensation for same to his detriment.

35.

SOL, through DeFrancesco, Liabotis, and/or other employees or executives, concealed its fraudulent intent from Mr. Chunara when inducing him to contract with SOL.  Mr. Chunara reasonably and justifiably relied on their misrepresentations to him.  He did not have knowledge of or means available to discover the falsity of their representations or their wrongful intentions.

He relied reasonably upon and trusted SOL and its confirmation of the alleged "contractual arrangements" and transferred his SBBC shares to SOL, to his detriment and resulting damage, based on his past business dealings with SOL, DeFrancesco, and Liabotis, *e.g.*, the SPA.

36.

Defendants have acted with fraud and deceit toward Mr. Chunara to its benefit and to his resulting loss and damage in an amount of not less than $216,000.00 together with accruing interest thereon.

## COUNT III
(Conversion Against All Defendants)

37.

Mr. Chunara incorporates Paragraphs 1 through 22 and 29 through 36 hereinabove as if said allegations were fully set forth herein.

38.

As previously alleged, Defendants have wrongfully retained Mr. Chunara's SBBC shares while refusing to pay Mr. Chunara the Sale Price under the Sale Agreement.

39.

Mr. Chunara purchased and rightfully owned Heavenly shares pursuant to the SPA, and following Heavenly's business combination with PureK, Mr. Chunara ultimately received and rightfully owned 7,595 SBBC shares. The SBBC shares are Mr. Chunara's personal property.

40.

Inconsistent with Mr. Chunara's rights, Defendants have wrongfully asserted dominion over Mr. Chunara's SBBC shares and deprived him of possession of same by causing Mr. Chunara to transfer the SBBC shares to SOL under the terms of the Sale Agreement and then refusing to pay Mr. Chunara the Sale Price (or anything at all) and refusing to communicate with Mr. Chunara,

while still retaining the shares at full value.

41.

In the alternative, Defendants have wrongfully asserted dominion over the Sale Price and deprived Mr. Chunara his rightful possession of same by withholding same despite Mr. Chunara fulfilling his obligations under the Sale Agreement. The Sale Price is comprised of the purchase price originally paid by Mr. Chunara to SOL for Heavenly shares pursuant to the SPA, along with a fixed rate of return, and therefore is specific money capable of identification.

42.

Mr. Chunara has made repeated demands to Defendants for payment of the Sale Price in exchange for his completed transfer of the SBBC shares. Defendants have refused to meet such demands or otherwise explain why it refuses to do so. Defendants presently continue to refuse to compensate Mr. Chunara for the SBBC shares.

## COUNT IV
(*Quantum Meruit* Against All Defendants)

43.

Mr. Chunara incorporates Paragraphs 1 through 22 and 29 through 42 hereinabove as if said allegations were fully set forth herein.

44.

Mr. Chunara has provided a benefit to Defendants in the form of goods or services, specifically the benefit of the SBBC shares that Mr. Chunara transferred to SOL. Defendants knew of, assented to, accepted, and received this benefit when it offered and then entered into the terms of the Sale Agreement to Mr. Chunara; were involved in the process of transferring Mr. Chunara's shares to SOL; and ultimately received Mr. Chunara's SBBC shares.

45.

In the ordinary course of common events, a reasonable person receiving more than $200,000.00 worth of equity shares based on his/her own stated valuation thereof would expect to pay for such shares.

46.

Under the present circumstances, it is inequitable for Defendants to continue to retain Mr. Chunara's SBBC shares without paying fair value for them. The fair value thereof is at least $216,000.00.

47.

Mr. Chunara is entitled to recovery to recover a judgment in *quantum meruit* from Defendants in the sum of at least $216,000.00 together with interest thereon at the legal rate.

## COUNT V
(Unjust Enrichment Against All Defendants)

48.

Mr. Chunara incorporates Paragraphs 1 through 22 and 29 through 47 hereinabove as if said allegations were fully set forth herein.

49.

Defendants have received and knowingly accepted the benefit of Mr. Chunara's SBBC shares and intentionally and voluntarily retained monies otherwise due and payable to Mr. Chunara. In equity and good conscience, Defendants are not entitled to retain the SBBC shares without paying the value thereof to Mr. Chunara.

50.

Defendants have unjustly enriched themselves at Mr. Chunara's expense in the sum of at

least $216,000.00. Mr. Chunara is entitled to recover a judgment therefor from Defendants together with interest thereon at the legal rate.

## COUNT VI
(Exemplary Damages Against All Defendants)

51.

Mr. Chunara incorporates Paragraphs 1 through 22 and 29 through 42 hereinabove as if said allegations were fully set forth herein.

52.

As previously alleged, Defendants have retained the SBBC shares that Mr. Chunara transferred to SOL under the Sale Agreement, while knowingly and intentionally depriving Mr. Chunara of the Sale Price to which he is entitled. Defendants have refused to communicate with Mr. Chunara and offer no justification for its wrongful acts. Mr. Chunara is entitled to remuneration for the SBBC shares and Defendants' conduct.

53.

Defendants' actions in this dispute rise to the level of intentional misconduct. Defendants offered the terms ultimately memorialized in the Sale Agreement and participated in the process whereby Mr. Chunara transferred his SBBC shares to SOL. Defendants, fully aware of their obligations to Mr. Chunara and other investors, also honored the same terms of the Sale Agreement with respect to Ciccarelli and Deitch.

54.

Defendants have actual knowledge that it received the SBBC shares, did not pay for them, and continues to wrongfully retain them and refuse to engage with Mr. Chunara regarding the money Defendants owe to him. Indeed, Mr. Chunara has contacted Defendants numerous times to reiterate that Defendants' conduct is wrongful and that Mr. Chunara is entitled to the Sale Price.

55.

Defendants were fully aware that there was a high probability of damage or injury to Mr. Chunara if SOL accepted and received Mr. Chunara's SBBC shares without compensating him for the shares. Nonetheless, and despite that knowledge, Defendants intentionally pursued their course of conduct of retaining the shares without paying for them and simply ignoring Mr. Chunara going forward.

56.

As a result of Defendants' intentional misconduct, Mr. Chunara has suffered damages in the sum of not less than $216,000.00.

**WHEREFORE,** Plaintiff prays:

(A)    That as to Count I, Breach of Contract, the Court award Mr. Chunara a judgment against Defendant SOL for damages in such sums as shall be hereafter proven (but not less than $216,000.00) together with prejudgment interest thereon, attorneys' fees and expenses of litigation and costs;

(B)    That as to Count II, Fraudulent Inducement, the Court award Mr. Chunara a judgment against all Defendants for damages in such sums as shall be hereafter proven (but not less than $216,000.00) together with prejudgment interest thereon, attorneys' fees and expenses of litigation, and costs;

(C)    That as to Count III, Conversion, the Court award Mr. Chunara a judgment against all Defendants for damages in such sums as shall be hereafter proven (but not less than $216,000.00) together with prejudgment interest thereon, attorneys' fees and expenses of litigation, and costs;

(D)     That as to Count IV, *Quantum Meruit*, the Court award Mr. Chunara a judgment against all Defendants for damages in such sums as shall be hereafter proven (but not less than $216,000.00) together with prejudgment interest thereon, attorneys' fees and expenses of litigation and costs;

(E)     That as to Count V, Unjust Enrichment, the Court award Mr. Chunara a judgment against all Defendants for damages in such sums as shall be hereafter proven (but not less than $216,000.00) together with prejudgment interest thereon, attorneys' fees and expenses of litigation and costs;

(F)     That as to Counts II, III, and VI, Exemplary Damages, the Court award Mr. Chunara a judgment against Defendants for exemplary damages in such sums as shall be hereafter determined by the Court but in no event less than $1,500,000.00, together with attorneys' fees and expenses of litigation and costs;

(G)     That the Court issue such other and further relief to Mr. Chunara as is just, proper and equitable; and

(H)     That Mr. Chunara have a trial by jury upon all issues so triable herein.

Respectfully submitted, this 14th day of July, 2022.

By: __*/s/ Denise J. Bleau*__
Denise J. Bleau
Florida State Bar No. 599514
dbleau@taylorenglish.com
Gerald B. Kline
*Pro hac vice* (admission pending)
gkline@taylorenglish.com
Nicholas F. McDaniel
*Pro hac vice* (admission pending)
nmcdaniel@taylorenglish.com

*Counsel for Plaintiff*

TAYOR ENGLISH DUMA, LLP
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
(770) 434-6868 (Main)
(678) 336-7176 (Direct)

02364654 v.2